UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| ROBERT L. ALBORES, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 2:17-cv-00046-JMS-MJD |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Robert L. Albores, Jr., for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Applicable Law**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

"When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" The court does not review a judgment, but

the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson,* 501 U.S. 722, 730 (1991) (citations omitted). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

"Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)).[1] An "unreasonable" application of federal law is one "'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Harper v. Brown*, 865 F.3d 857, 860 (7th Cir. 2017) (citing *Ward v. Neal*, 835 F.3d 698, 703 (7th Cir. 2016), and quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was

---

[1] "In § 2254 proceedings, federal courts are foreclosed from fact-finding. We therefore defer to the findings of the [state] court, which have not been challenged and are presumed to be correct unless rebutted by clear and convincing evidence." *Jones v. Butler,* 778 F.3d 575, 578 (7th Cir. 2015) (citing 28 U.S.C. § 2254(e)(1) and *Harris v. Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)). A state court's factual finding is unreasonable only if it "ignores the clear and convincing weight of the evidence." *Taylor v. Grounds,* 721 F.3d 809, 817 (7th Cir. 2013) (internal quotation marks and citations omitted). No showing of such a nature has been made here.

unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)). Under this demanding standard, a petitioner's claim fails if "fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal citation and quotations omitted). A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016). In short, the standard of § 2254(d) is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013) (internal quotation marks omitted); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases").

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

## II. Background

An Indiana jury convicted Albores of murder and found him not guilty of criminal gang activity. He was sentenced to a term of 55 years. His conviction and sentence were affirmed in *Albores v. State,* 987 N.E.2d 98 (Ind. Ct. App. 2013), *trans. denied* (*Albores I*). The trial court's

3

denial of Albores's petition for post-conviction relief was affirmed in *Albores v. State*, 2016 WL 4703454 (Ind. Ct. App.), *transfer denied,* 65 N.E.3d 595 (Ind. 2016) (*Albores II*).

The circumstances associated with Albores's offense and aspects of his prosecution were described in his direct appeal:

> Albores and the victim in this case, Michael Miranda, got along with no problems for several years. However, in 2008, Albores' cousin was shot and killed. Albores believed Miranda was involved in the shooting. On July 22, 2010, Albores and Miranda found themselves stopped at an intersection at the same time. Albores fired several shots at Miranda and drove away. Miranda died five days later.
> 
> Albores was charged with murder and criminal gang activity. During the jury trial, the State presented evidence that Albores and Miranda were members of rival street gangs and argued that Albores shot Miranda in retaliation for his cousin's death in 2008. Albores testified at trial and denied being part of a gang. He did not deny he shot Miranda, but claimed he did so out of fear for his life. He described a turbulent relationship between the parties and a history of shootings that had allegedly occurred during the two years prior to the shooting that led to Miranda's death. The jury was instructed on both self-defense and the lesser included offense of reckless homicide.

*Albores I*, 987 N.E.2d at 99.

Albores makes eight claims in his habeas petition: (1) the trial court's instruction on the presumption of innocence resulted in reversible error because it was incomplete; (2) trial counsel was ineffective for failing to object or request an admonishment to evidence that Albores shot at Nola Willis' house in 2008; (3) trial counsel was ineffective for failing to object to a late amendment to the charging information that would not have changed Albores' defense; (4) trial counsel was ineffective for failing to object to statements from the victim, Miranda, that he thought Albores would kill him and that Miranda did not kill Mercado; (5) trial counsel was ineffective for failing to request an admonishment to evidence of Albores's motive; (6) trial counsel was ineffective for failing to offer a jury instruction on self-defense that included language regarding the right to retreat and that force could be used to prevent a forcible felony; (7) trial counsel was

4

ineffective for failing to object to "bloodhound" evidence that showed a firearm was not found in the victim's vehicle; and (8) appellate counsel was ineffective for failing to raise an evidentiary claim that Albores' motive should not have been admitted.

### III. Discussion

#### A. Claim of Instructional Error

Albores tendered an instruction on reasonable doubt. The trial court declined to give the tendered instruction. This was asserted as error in *Albores I*. The Indiana Court of Appeals concluded that the tendered instruction was a proper statement of Indiana law, but that there was more to the matter. Specifically, the Indiana Court of Appeals found that "a consideration of the jury instructions in this case—taken as a whole and in reference to each other—demonstrates that the jury was properly instructed to presume the defendant innocent and demand that the State produce strong and persuasive evidence of guilt wholly at odds with innocence." *Albores I,* 987 N.E.2d at 100. More specifically, the Indiana Court of Appeals found that the trial court had

> informed the jury that a person charged with a crime is to be presumed innocent, that the presumption of innocence remains throughout the trial, and that to overcome this presumption of innocence, the State was required to prove guilt beyond a reasonable doubt. The trial court also instructed the jury on the definition of reasonable doubt and informed the jury that if there was a reasonable doubt that Albores was guilty, they should give him the benefit of that doubt and find him not guilty of the crime. The rejected instruction was covered in substance by these instructions, and thus the trial court did not abuse its discretion.

*Albores I,* 987 N.E.2d at 101 (footnote omitted).

"[T]he failure to give a requested instruction on the presumption of innocence does not in and of itself violate the constitution." *Kentucky v. Whorton*, 441 U.S. 786, 789 (1979). "Under *Taylor* [*v. Kentucky*, 436 U.S. 478 (1978)], such failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether

5

the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial." *Id*. This is precisely the evaluation made by the Indiana Court of Appeals, and the evaluation was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Accordingly, the Indiana Court of Appeals did not resolve this claim in a manner which was an unreasonable application of federal precedents as established by the United States Supreme Court. Accordingly, Albores cannot be awarded habeas corpus relief based on this claim.

### B. Claims of Ineffective Assistance of Counsel

The remaining claims in Albores's habeas petition are the familiar arguments that he was denied the effective assistance of counsel at trial and in his direct appeal. *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002)("We have observed in the past that criminal defendants frequently 'demonize' their lawyers. If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds.").

The specifications of ineffective assistance of counsel were asserted in the action for post-conviction relief. In rejecting Albores's arguments, the Indiana Court of Appeals properly recognized that the governing Supreme Court case for resolving an ineffective assistance claim is *Strickland v. Washington,* 466 U.S. 668 (1984). *Albores II,* 2016 WL 4703454, at *2.

> "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

6

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014) (parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.

When the deferential AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," [*Strickland*] at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at 123. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011). Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel established in *Strickland. Howard v. Gramley,* 225 F.3d 784, 789–90 (7th Cir. 2000). A petitioner who contends that appellate counsel rendered ineffective assistance must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Id.* at 790.

The Indiana Court of Appeals fielded these specifications of ineffective assistance of counsel: (a) trial counsel was in effective in not requesting an admonishment or limiting instruction

following the denial of his motion for a mistrial when evidence of the 2004 incident was admitted; (b) trial counsel was ineffective when not renewing his challenge at trial to the admission of evidence related to the 2008 shootings; (c) trial counsel was ineffective for not objecting to certain hearsay statements made by Miranda and admitted during the testimony of Nada and Nola; (d) trial counsel was ineffective in failing to object to "bloodhound evidence," this being evidence of police K-9 searches of Miranda's vehicles five days after the shooting and of Albores's apartment upon his arrest seven months after the shooting; (e) trial counsel was ineffective for not objecting to the amendment of the charging information to add a second count, criminal gang activity; and (f) trial counsel was ineffective for not objecting to the court's instruction on self-defense. In addition, Albores argued that his counsel in his direct appeal was ineffective.

The Indiana Court of Appeals recognized the *Strickland* standard. *Albores II,* 2016 WL 4703454, at *2. With respect to the specifications of ineffective assistance of counsel at trial, the Indiana Court of Appeals made the following evaluations:

> (a) Counsel's strategic decision not to request an admonishment or limiting instruction following the denial of his motion for a mistrial when evidence of the 2004 incident was admitted "did not amount to deficient performance or result in prejudice." *Albores II,* 2016 WL 4703454, at *4.
>
> (b) Evidence related to the 2008 shootings "was relevant and inextricably bound up with the charged crimes" and that it "[could not] say that had trial counsel objected to this evidence at trial, it would have been excluded." *Albores II,* 2016 WL 4703454, at *5.
>
> (c) Hearsay statements made by Miranda and admitted during the testimony of Nada and Nola were either admissible because Albores "clearly put Miranda's state of mind at issue" and any error in the admission of Miranda's statement to Nada and Nola that he did not kill Mercado was harmless. *Albores II,* 2016 WL 4703454, at *6.
>
> (d) Albores "wholly failed to establish" that evidence associated with the police K9 searches, in which the K9s did not alert to the presence of a firearm, "was not based on reliable scientific principles." *Albores II,* 2016 WL 4703454, at *6.

8

(e) Prior to the amendment of the information by the addition of a count for criminal gang activity, Albores was already facing a murder charge with a criminal gang enhancement. "Although the new charge of criminal gang activity was a separate count, Albores does not dispute that the evidence related to this charge would be virtually the same as the evidence for the enhancement. Further, Albores's argument that the gang evidence coming in during the guilt phase of trial (instead of the enhancement phase) affected his substantial rights misses the mark. There is simply no indication that the amendment altered Albores's defense theory or resulted in him being unprepared to defend against the charges. Accordingly, trial counsel was not ineffective in this regard." *Albores II,* 2016 WL 4703454, at *7.

(f) Albores argued that the trial court's instruction on self-defense failed to indicate that he did not have a duty to retreat or that deadly force could be used to prevent a forcible felony. "It is true that, in Indiana, a person confronted with deadly force is not obliged to retreat. This case, however, was not about mutual combat or who was the aggressor, and the State did not argue that Albores had a duty to retreat once he believed he was facing deadly force. Indeed, the evidence reveals that the shooting occurred almost immediately as the two vehicles were stopped side by side. Albores shot at an unarmed man seven times. The jury was tasked with determining whether Albores truly believed he saw Miranda pointing a gun at him, placing him in fear of being shot. Retreat at this point was not an issue, and we fail to see how exclusion of this point of law prejudiced Albores." *Albores II,* 2016 WL 4703454, at *7 (internal citations omitted). "Similarly, no prejudice resulted from omission of 'fear of forcible felony' as a justification for using deadly force. Albores's defense at trial was that he reasonably believed he was defending himself in a situation where he was confronted with deadly force. The suggested addition to the instruction—though a correct statement of the law—would have had no effect on the outcome of the murder trial." *Albores II,* 2016 WL 4703454, at *8.

As to each of the ineffective assistance of trial counsel claims fairly presented to the Indiana state courts or otherwise properly available for federal habeas review, the Indiana Court of Appeals recognized and identified the governing standard, as determined by the Supreme Court of the United States, "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). These habeas claims do not support the relief he seeks here. *Stern v. Meisner*, 812 F.3d 606, 610 (7th Cir. 2016) ("In other words, [the habeas petitioner] must show a complete absence of reasonableness in the [state] appellate court's decision.") (citing *Harrington,* 562 U.S. at 98).

9

Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel established in *Strickland*. *Howard v. Gramley,* 225 F.3d 784, 789–90 (7th Cir. 2000). A petitioner who contends that appellate counsel rendered ineffective assistance must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Id.* at 790. With respect to the specifications of ineffective assistance of counsel on appeal, the Indiana Court of Appeals found:

> Albores claims that appellate counsel was ineffective for failing to challenge the admission of certain evidence, which he and his trial counsel believed violated Ind. Evidence Rule 404(b). . . . We commend Albores for his thorough 404(b) argument in the instant appeal. On the facts of this case, however, we conclude that it was not unquestionably unreasonable for appellate counsel to choose not to raise the 404(b) issue and instead present only the instructional issue.

*Albores II,* 2016 WL 4703454, at *2-3. Additionally, the Indiana Court of Appeals could not

> . . . agree with Albores that the 404(b) issue was clearly stronger than the instructional issue raised by appellate counsel. At trial, the parties' competing theories were fixed from the start: Albores contended that he shot Miranda in self-defense, and the State argued that it was an act of revenge for the 2008 killing of Mercado. Accordingly, Albores's motive was affirmatively placed in issue by the defense. The 2004 incident involving Albores, Mercado, and Hernandez was relevant to a matter at issue other than Albores's general propensity to commit the charged act. The evidence helped establish the State's theory of motive and rebut Albores's self-defense claim. Moreover, with respect to prejudice, we observe that the jury was not made aware of the charge and conviction related to the 2004 events.

*Albores II,* 2016 WL 4703454, at *3.

These assessments--resting principally on the prejudice prong of a claim of ineffective assistance of counsel--are compatible with the federal *Strickland* standard. And because of this

reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011).

## IV. Conclusion

Albores's convictions withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to them. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law."). This Court has carefully reviewed the state record in light of Albores's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. *See O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015)("We ask only whether the [state court's] decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.'")(quoting 28 U.S.C. § 2254(d)(1), (2)). "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Albores to relief in this case.

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Albores's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Albores has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 9/28/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT L. ALBORES, JR.
222235
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Albores has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 9/28/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT L. ALBORES, JR.
222235
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov